CRICHTON, J.,
additionally concurs and assigns reasons.
hi agree in all respects with the holding of this case, but write separately to spotlight the exhaustive efforts undertaken by the trial court and the state in ensuring that the representation of the defendant comported with all legal requirements. Our law and jurisprudence recognize the delicate balance which must be struck between protecting an accused’s right to counsel with his or her liberty to reject counsel, as well as the duty of the trial court to maintain orderly proceedings. It is my opinion that the trial court here navigated these complex issues in exemplary fashion, and it is for this reason I agree wholeheartedly with the opinion’s conclusion that Mr. McCoy’s assignments of error relating to his representation are wholly without merit.
*625 First, Mr. McCoy and his family selected Mr. English, known to the family from a prior attorney-client relationship, over and above any other attorney on the planet—despite his lack of capital certification. Notably, it was the district attorney who twice moved the court to examine Mr. McCoy’s waiver of capital-certified counsel pursuant to Louisiana Supreme Court Rule XXXI. In both instances, the trial court and the district attorney advised Mr. McCoy that, as an indigent defendant, he was entitled to representation from no less than two capital-certified attorneys. Also in both instances, Mr. English reiterated on record to the court and Mr. McCoy that he was not capital certified. Mr. McCoy in both 1 ^hearings adamantly and unequivocally rejected the appointment of additional or new counsel pursuant to Rule XXXI and affirmed his choice of Mr. English as his trial counsel. I cannot conceive of any other steps which the district attorney or the trial court could have taken to apprise Mr. McCoy of his rights under Rule XXXI and ensure that his waiver of those rights was both knowing and voluntary.
Mr. McCoy furthermore exhibited such a strong aversion to the public defender’s office that he elected to represent himself in the interim time between dismissing the public defender’s office and his retention of Mr. English. He also sought to represent himself after the trial court rejected his request to substitute counsel two days before his trial began. However, the right to self represent and the right to counsel of choice are not absolute, and cannot “be manipulated to obstruct orderly court procedure or to interfere with the fair administration of justice.” State v. Bridgewater, 00-1529 (La. 1/15/02), 823 So.2d 877, 896, on reh’g (June 21, 2002). Mr. McCoy’s attempts to self represent or change counsel two days before the start of his trial would have wreaked havoc in this capital case; furthermore, defendants do not control court proceedings, and even Mr. English voiced concerns that Mr. McCoy was “going to attempt to take over this trial” through his representational demands. Thus, the trial court properly rejected his requests.
Finally, and though it is irrelevant to the untimeliness of the request, the stated reason Mr. McCoy wished to dismiss Mr. English—a trial strategy of conceding Mr. McCoy’s guilt in hope of saving his life—is without merit. Mr. English was ethically bound under Louisiana Rules of Professional Conduct Rule 1.2(d) and Rule 3.3(b) to advance a defense which satisfies his ethical obligations to his client but also his ethical obligations to the court. Mr. English determined that, in the face of overwhelming evidence, and on the belief that advancing the defense desired by Mr. McCoy would result in the subornation of perj ury, | ¡¡conceding guilt and pleading with the jurors for Mr, McCoy’s life was his only feasible tactical option. In reviewing the facts and evidence presented, I agree that Mr. English was left with few options in presenting a defense which satisfied both ethical standards, and that he chose the best option available. Cf. Haynes v. Cain, 298 F.3d 375, 381 (5th Cir. 2002) (“those courts that have confronted situations in which defense counsel concedes the defendant’s guilt for only lesser-included offenses have consistently found these partial concessions to be tactical decisions, and not a denial of the right to counsel.”) (footnote omitted)).